Mr. Robert A. Ginsburg Dade County Attorney
Mr. Stuart L. Simon Advisory Counsell, Miami-Dade Community Center One Centrust Financial Center 100 Southeast 2nd Street, 35th Floor Miami, Florida 33131-2112
Dear Messrs. Ginsburg and Simon:
You have asked on behalf of Dade County and the Miami-Dade Community College substantially the following question:
May a voted millage increase above the 10 mill cap be proposed to fund capital outlays for the Miami-Dade Community College?
In sum:
The county may propose, or shall propose when presented with a petition signed by ten percent of the registered voters, subject to voter approval, a millage increase above the 10 mill cap to fund capital outlays by Miami-Dade Community College, if it is determined that such an expenditure furthers a county purpose.
You state that under this plan, tax revenues would be turned over to the Miami-Dade Community College for the construction of classrooms and other related buildings which would be owned by the community college.
Section 9, Art. VII, State Const., provides:
(a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.
(b) Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; . . . and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. . . . (e.s)
Part III, Ch. 240, F.S., creates the community college system in Florida. The system is made up of community college districts which are political subdivisions of this state[1] functioning as independent, separate, legal entities.[2] The individual community colleges receive their funding by appropriations of the Legislature made to a community college program fund.[3] I am not aware of any general law which allows community colleges to levy ad valorem taxes, nor have I found any special act empowering the Miami-Dade Community College to levy ad valorem taxes. As statutory creatures, community college districts must rely upon the Legislature to provide such power to levy ad valorem taxes.[4]
Thus, in the absence of statutory authority, Miami-Dade Community College may not levy an ad valorem tax.[5] I would note that, previously, there have been special acts passed by the Legislature authorizing specific community college districts to levy ad valorem taxes, subject to approval by referendum within the taxing district created by the legislation.[6] Accordingly, any attempt by Miami-Dade Community College to obtain ad valorem taxing authority should be addressed to the Legislature.
Pursuant to s. 125.01(1)(r), F.S., counties are authorized to levy and collect taxes for county purposes and for providing municipal services within any municipal service taxing unit. Subject to the limitations in s. 9(b), Art. VII, State Const., there is no referendum required for the levy of ad valorem taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit.[7] In the event a county wishes to levy ad valorem taxes for county purposes in excess of 10 mills, however, it may do so for periods not longer than two years when authorized in a referendum.[8] Section 200.091, F.S., provides:
The millage authorized to be levied in s. 200.071[9] for county purposes, including dependent districts therein, may be increased for periods not exceeding 2 years, provided such levy has been approved by majority vote of the qualified electors in the county or district voting in an election called for such purpose. Such an election may be called by the governing body of any such county or district on its own motion and shall be called upon submission of a petition specifying the amount of millage sought to be levied and the purpose for which the proceeds will be expended and containing the signatures of at least 10 percent of the persons qualified to vote in such election, signed within 60 days prior to the date the petition is filed.
Thus the governing board of a county possesses statutory discretion, upon its own motion, to call an election for approval of an increase in millage above the 10 mill maximum. Such an election must be called if a petition satisfying the statutory requirements is submitted.
As noted above, counties are authorized to levy and collect taxes for "county purposes."[10] While "county purpose" is not defined in the Constitution or statutes, it has been judicially determined to cover such activities as the expenditure of county funds for a public utility board[11] and the operation of a television broadcast station.[12] In any event, it is a general rule of law that county taxes must be expended for county purposes and district taxes may only be expended for district purposes respectively, and the taxes of one unit cannot be expended for purposes of another unit.[13]
Whether the construction of classrooms and related buildings to be owned by the community college serves a county purpose, however, is a factual determination which must be made by the governing body of the county.[14] This decision requires the county commission to make appropriate legislative findings as to the purpose of the expenditures and the benefits which the county would receive.[15] Such legislative functions and determinations cannot be delegated to this office, nor may this office exercise such power on behalf of the county.[16]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 240.317, F.S.
[2] See, s. 240.313(1), F.S.
[3] See, ss. 240.345(1), 240.347(1), and 240.359, F.S. See also, s. 9(d)(9), Art. XII, State Const., making capital outlay projects of junior college districts eligible to participate in funds derived from bonds and motor vehicle tax anticipation certificates and from motor vehicle license taxes.
[4] See, Ch. 78-469, Laws of Florida, authorizing the Board og Trustees of the St. Petersburg Junior College to levy a special ad valorem tax, subject to voter approval, to raise revenue to fund nonrecurring operating capital outlay expenditures; Ch. 79-538, Laws of Florida, authorizing the Board of Trustees of the Palm Beach Junior College to levy a special ad valorem tax, subject to voter approval, to raise revenue to fund nonrecurring operating capital outlay expenditures; and Ch. 87-419, Laws of Florida, again authorizing the Board of Trustees of the Palm Beach Junior College to levy a special ad valorem tax, subject to voter approval, to raise revenue to fund fixed capital outlay expenditures.
[5] See, State ex rel. Arthur Kudner, Inc. v. Lee, 7 So.2d 110
(Fla. 1942) (power of taxation is an attribute of the sovereign power of the state and can be exercised only pursuant to a valid statute).
[6] See, Footnote 4, supra.
[7] Section 125.01(1)(r), F.S.
[8] See, s. 9(b), Art. VII, State Const. See also, ss. 200.071(1) and 200.091, F.S.
[9] Section 200.071, F.S., provides:
(1) Except as otherwise provided herein, no ad valorem tax millage shall be levied against real property and tangible personal property by counties in excess of 10 mills, except for voted levies.
(2) The board of county commissioners shall, in the event the sum of the proposed millage for the county and dependent districts therein is more than the maximum allowed hereunder, reduce the millage to be levied for county officers, departments, divisions, commissions, authorities, and dependent special districts so as not to exceed the maximum millage provided under this section or s. 200.091.
(3) In any county which, through a municipal service taxing unit covering a specific area of the county not within the boundaries of any municipality, provides services or facilities of the kind or type commonly provided by municipalities, there may be levied, in addition to the millages otherwise provided in this section, against real property and tangible personal property within each such municipal service taxing unit an additional ad valorem tax millage not in excess of 10 mills to pay for such services or facilities provided with the funds obtained through such levy within such municipal service taxing unit.
[10] See, s. 125.01(1)(r), F.S.
[11] See, Florida Power Corporation v. Pinellas Utility Board,40 So.2d 350 (Fla. 1949).
[12] See, Cable-Vision, Inc. v. Freeman, 324 So.2d 149 (3 D.C.A. Fla., 1975).
[13] See, Prescott v. Board of Public Instruction, 32 So.2d 731,733 (Fla. 1947) and AGO 75-32.
[14] See, AGO's 86-44 and 84-76. Cf., AGO 77-27, which concluded, in light of O'Neill v. Burns, 198 So.2d 1 (Fla. 1967), that some degree of control over public funds or property should be retained by the public authority to assure accomplishment of the public purpose.
[15] See, AGO 83-5 (under proper circumstances and based upon appropriate legislative findings, county commission may exercise its home rule powers to expend county funds to institute an incentive program). In the event the governing body of the county determines that a county purpose is served by such an expenditure, it is assumed that the community college would comply with all statutory provisions governing the receipt of the funds and subsequent expenditures for construction of capital improvements. See, e.g., Part III, Ch. 240, F.S., and ss. 235.4235 and 235.435, F.S.
[16] See, AGO 84-49 (expenditure of county funds for incentive awards is a matter within the legislative discretion of county commission in the exercise of its home rule powers; and board of county commissioners, not the Attorney General, must determine the need for the proposed program and the benefits to the county.